UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG G. BROWN,

        Petitioner,

v.                               CASE NO. 05-CV-72440-DT
                               HONORABLE LAWRENCE P. ZATKOFF

STATE OF MICHIGAN,

        Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS BUT STAYING AND ADMINISTRATIVELY CLOSING CASE PENDING EXHAUSTION OF STATE REMEDIES, GRANTING PETITIONER'S MOTION TO FILE ADDITIONAL DOCUMENTS BUT DENYING HIS DISCOVERY MOTION, AND DENYING PETITIONER'S MOTIONS FOR IMMEDIATE CONSIDERATION**

## I.      Introduction

Craig G. Brown ("Petitioner"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his misdemeanor conviction for willful neglect of duty which was imposed following a jury trial in the Lapeer County Circuit Court in 2003. Petitioner was sentenced to 180 days in jail and 18 months probation in 2004. Petitioner was on probation at the time he instituted this action, but he has since completed his sentence and been discharged from custody.

In his pleadings, Petitioner raises 10 claims of error as a basis for federal habeas relief. This matter is before the Court on Respondent's motion to dismiss the petition for failure to fully exhaust state court remedies, as well as Petitioner's motions for discovery, to supplement his discovery motion, and for immediate consideration. For the reasons stated, the Court finds that Petitioner has failed to fully exhaust state court remedies, but denies Respondent's motion to dismiss and instead

1

stays and administratively closes this case pending complete exhaustion of those state remedies. Additionally, the Court grants Petitioner's motion to file additional supporting documents, but denies his motions for discovery and immediate consideration.

## II.    Basic Facts and Procedural History

Petitioner's conviction arises from charges that he was distributing anabolic steroids in Lapeer County, Michigan in 2003. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*. 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Brown was an officer with both the Almont Police Department and the Brown City Police Department. While employed by Brown City, Brown became acquainted with Brown City Police Officer Albert Geoit. In late February 2003, the St. Clair County Sheriff's Department searched Geoit's home and two vials of testosterone enanthate were seized in addition to four tablets of methandrostenalone, both of which are anabolic steroids. Upon questioning, Geoit stated that he purchased the steroids from Brown.

> Pursuant to a search warrant, a parcel addressed to Brown at his post office box was searched and was found to contain Fina-Flex 8, an anabolic steroid intended for use in cattle. A search of Brown's residence revealed syringes, medical packaging, glass vials with anabolic steroid residue, and the materials necessary for converting veterinary steroids into a substance for human use. A search of a computer Brown was known to use revealed that Brown had been ordering anabolic steroids over the Internet.

> After a trial, the jury acquitted defendant of three counts of delivery of a controlled substance, but convicted him of willful neglect of duty.

*People v. Brown*, No. 254476, 2005 WL 782674, *1 (Mich. App. April 7, 2005) (footnote omitted). The trial court subsequently sentenced Petitioner to 180 days in jail and 18 months probation.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the following claims:

> I.    The trial court erred in failing to grant Defendant's motion to suppress where

2

the affidavits in support of two of the search warrants failed to establish probable cause to support the warrants where two other warrants were tainted by the former affidavits and illegal searches.

II.     The trial court erred in admitted evidence in the form of e-mails alleged to have been sent to/from Defendant where the court inaccurately interpreted MRE 404(B) as only pertaining to allegations of "bad" acts, failed to require that the prosecution provide notice of its intention to introduce the evidence, and failed to analyze the evidence under the appropriate framework.

III.    Defendant's conviction for willful neglect of duty should be vacated where there was insufficient evidence of guilt beyond a reasonable doubt to support the jury's verdict.

IV.     Defendant was denied his rights to due process and a fair trial as a result of the prosecutor's misconduct.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Brown*, No. 254476, 2005 WL 782674 (Mich. App. April 7, 2005).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, as well as motions for immediate consideration and to amend and add grounds on appeal. Petitioner raised the following claims:

I.      The Court of Appeals and the 40th Circuit Trial Court erred in failing to overturn the misdemeanor conviction for willful neglect of duty when it is clear by law Defendant is innocent, and where the conviction was based on constitutional error.

II.     The 40th Circuit Trial Court violated Defendants 6th Amendment constitutional right to confrontation and a fair trial by allowing testimony into the record, which prejudicial testimony did cause the jury confusion and compromise of the issues presented. Constitutional error.

III.    The 40th Circuit Trial Court erred in failing to grant Defendant's motion to suppress evidence relative to medical records, where the information received and used in the affidavit was discovered during an interview of Defendant under *Garrity*.

IV.     The 40th Circuit Trial Court erred in failing to grant Defendant's motion to suppress evidence relative to a urine test where the affidavit was not based on probable cause, and where information was intentionally omitted from the

3

affidavit that would change the authorizing judicial magistrate from issuance.

V.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to grant Defendant's motion to suppress evidence recovered from a post office box where the affidavit was not based on probable cause and where information was intentionally negated from the affidavit stating recovered evidence was not illegal to purchase or possess via U.S. mail.

VI.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to grant the Defendant's motion to suppress items seized from Defendant's residence where the affidavit was not based on probable cause but on false information intentionally, knowingly, and with reckless disregard for the truth placed in the affidavit and where the affidavit was based on evidence seized from the post office box which evidence is not illegal to possess or purchase.

VII.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to suppress information relative to Fina Farm and Websa Corporation where the information was developed during the search of the residence. Exclusionary Rule and Fruit of the Poisonous Tree Doctrine.

VIII.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to suppress evidence, e-mails, where the items were seized pursuant to the search of the residence. Exclusionary Rule and Fruit of Poisonous Tree Doctrine.

The Michigan Supreme Court granted Petitioner's motion for immediate consideration, but denied leave to appeal and denied his motion to amend and add additional issues. *People v. Brown*, 472 Mich. 922, 697 N.W.2d 151 (2005).

Petitioner filed his federal petition for writ of habeas corpus with this Court on June 20, 2005, raising the following claims:

I.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to overturn the misdemeanor conviction for willful neglect of duty when it is clear by law Defendant is innocent, and where the conviction was based on constitutional error.

II.   The 40th Circuit Trial Court violated Defendants 6th Amendment constitutional right to confrontation and a fair trial by allowing testimony into the record, which prejudicial testimony did cause the jury confusion and compromise of the issues presented. Constitutional error.

4

III.   The 40th Circuit Trial Court erred in failing to grant Defendant's motion to suppress evidence relative to medical records, where the information received and used in the affidavit was discovered during an interview of Defendant under *Garrity*.

IV.   The 40th Circuit Trial Court erred in failing to grant Defendant's motion to suppress evidence relative to a urine test where the affidavit was not based on probable cause, and where information was intentionally omitted from the affidavit that would change the authorizing judicial magistrate from issuance.

V.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to grant Defendant's motion to suppress evidence recovered from a post office box where the affidavit was not based on probable cause and where information was intentionally negated from the affidavit stating recovered evidence was not illegal to purchase or possess via U.S. mail.

VI.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to grant the Defendant's motion to suppress items seized from Defendant's residence where the affidavit was not based on probable cause but on false information intentionally, knowingly, and with reckless disregard for the truth placed in the affidavit and where the affidavit was based on evidence seized from the post office box which evidence is not illegal to possess or purchase.

VII.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to suppress information relative to Fina Farm and Websa Corporation where the information was developed during the search of the residence. Exclusionary Rule and Fruit of the Poisonous Tree Doctrine.

VIII.   The Court of Appeals and the 40th Circuit Trial Court erred in failing to suppress evidence, e-mails, where the items were seized pursuant to the search of the residence. Exclusionary Rule and Fruit of Poisonous Tree Doctrine.

IX.   The prosecution committed intentional misconduct against the Appellant at trial by making improper comments, discovery violations, procedural violations and intentionally giving false information to the court in an effort to avoid compliance with the Appellant's state and constitutional rights.

X.   The Appellant was not adequately represented by counsel at trial or court of appeals where counsel failed to file objections where necessary, failed to introduce exculpatory evidence on the Appellant's behalf, failed to file and properly brief issues on appeal, failed to challenge the trial court's ruling by filing post-judgment relief to protect the Appellant, failed to file a brief on appeal within the procedural time limits set by the Michigan Court Rules

5

causing the Appellant to lose his right to oral argument.

Petitioner has also filed motions for immediate consideration, for discovery, and to supplement his discovery motion with this Court.

Respondent filed the present motion to dismiss on January 6, 2006, asserting that the habeas petition should be dismissed for failure to exhaust state court remedies. Specifically, Respondent contends that habeas claims II, III, IV, and VIII were first raised in the Michigan Supreme Court and were not properly presented to the Michigan Court of Appeals, that habeas claims IX was raised in the Michigan Court of Appeals, but was not presented to the Michigan Supreme Court, and that habeas claim X is raised for the first time on habeas review and has not been presented to the state courts. Petitioner has filed a reply to the motion asserting that it should be denied because further exhaustion would be futile and ineffective to protect his rights. Alternatively, Petitioner acknowledges that some of his claims may not be exhausted and requests that his petition be held in abeyance pending complete exhaustion of state court remedies. As a final alternative, Petitioner asks that he be allowed to proceed on his exhausted claims.

**III.    Analysis**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must present each ground to both appellate courts to satisfy the exhaustion

6

requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

As stated in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court.  *Hafley*, 902 F.2d at 483. The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.  The record reveals that Petitioner did not present habeas claims II (admission of testimony/confrontation), III (medical records), IV (urine test), and VIII (e-mails) to the Michigan Court of Appeals on direct appeal of his conviction.  His subsequent inclusion of those claims in his application for leave to appeal to the Michigan Supreme Court does not satisfy the exhaustion requirement.  *See Castille v. Peoples,* 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons").

Petitioner admits that he did not raise habeas claim II as an issue in his appeal before the Michigan Court of Appeals but contends that he sufficiently exhausted this claim by raising it in a motion for bond on appeal.  Such presentation is insufficient to establish exhaustion  as the state court was not required to rule on the merits of the issue in making the bond decision, and  Petitioner could not have obtained relief from his conviction based upon a bond decision.  *See id.* at 351. Furthermore, in habeas claim II, Petitioner challenges the testimony of an attorney and a police

chief.  In the motion for bond, however, Petitioner only addressed the attorney's testimony and not the police chief's testimony.  A petitioner fairly presents a federal habeas claim to the state courts only if he asserts "both the factual and legal basis for his claim."  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Petitioner did not do so as to habeas claim II.

Petitioner further contends that he raised habeas claims III and IV before the Michigan Court of Appeals as part of his first claim on appeal.  The record, however, belies this contention.  While Petitioner made a passing reference to the medical records and urine test, he did not present any arguments specifically challenging those matters on appeal to the Michigan Court of Appeals.  As noted, a petitioner must present the factual and legal basis for his claim to the state courts to satisfy the exhaustion requirement.  Habeas claims III and IV have not been properly exhausted.

Petitioner contends that habeas claim VIII concerning his e-mail was presented to the Michigan Court of Appeals as his second claim on appeal.  This is only partially true.  The record indicates that Petitioner exhausted a claim challenging the admission of the e-mail as other acts evidence, but that he did not present any arguments challenging the e-mail as the product of an illegal search.  He raises both issues before this Court.  A petitioner must present "the same claim under the same theory" to the state courts before raising it on federal habeas review.  *See, e.g., Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (citing *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).  Petitioner has not done so with respect to habeas claim VIII.

Additionally, Petitioner did not fully present habeas claim IX (prosecutorial misconduct) to the Michigan Supreme Court.  In his habeas claim, Petitioner asserts that the prosecutor expressed personal knowledge, made improper comments, shifted the burden of proof, and committed discovery violations.  On appeal to the Michigan Supreme Court, however, Petitioner only

8

referenced the alleged discovery violations and did not challenge the prosecutor's comments and arguments.  Consequently, Petitioner has failed to fully exhaust habeas claim IX.

Lastly, Petitioner did not raise habeas claim X (ineffective assistance of trial and appellate counsel) in the Michigan courts.  A passing reference to "inadequate counsel" in Petitioner's motion to add issues before the Michigan Supreme Court is insufficient to establish exhaustion, particularly since Petitioner did not raise ineffective assistance of trial counsel as an issue before the Michigan Court of Appeals and did not raise ineffective assistance of trial or appellate counsel as distinct issues before the Michigan Supreme Court.  Habeas claim X has not been exhausted.  Petitioner has thus failed to fully exhaust his state court remedies as to six of his ten habeas claims.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court."  *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982);[1] *see also Rust*, 17 F.3d at 160.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)

---

[1]In *Rose*, the Court also discussed the possible consequences of these choices.  The plurality indicated that under 28 U.S.C. §2254 Rule 9(b), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal [with prejudice] of subsequent federal petitions."  *Id.* at 521 [O'Connor, J., with three justices concurring].

9

(habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

In this case, Petitioner has available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the Michigan appellate courts. Further, contrary to Petitioner's argument, this pursuit may not be futile. The Michigan Supreme Court's denial of leave to appeal and denial of his motion to add issues are not merits determinations. A denial of leave to appeal is merely a discretionary decision to decline to hear a case, and thus does not constitute a ruling on the merits of claims raised in the application. *See Valentino v. Oakland Co. Sheriff*, 424 Mich. 310, 322 n. 8, 381 N.W.2d 397, 402 n. 8 (1986). A denial of leave to appeal has no res judicata or law of the case effect. *See Grievance Admin. v. Lopatin*, 462 Mich. 235, 260, 612 N.W.2d 120, 134 (2000). Accordingly, Petitioner still has an available state court avenue in which to pursue his unexhausted claims. *See Lamb v. Jones*, No. 03-73587, 2005 WL 1378762, *2 (E.D. Mich. June 2, 2005) (adopting Magistrate Judge's Report & Recommendation). His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

The remaining question is whether the Court should dismiss the mixed habeas petition without prejudice or stay the proceedings to allow Petitioner to fully exhaust state court remedies. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533.

10

Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. Petitioner was on probation at the time he filed his habeas petition, but has since completed his sentence. He is thus no longer "in custody" pursuant to the willful neglect of duty conviction. Consequently, if the Court were to dismiss the petition outright, the Court would lack jurisdiction over any future habeas petition challenging Petitioner's conviction. A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (*per curiam*). The preclusion of habeas review under such circumstances justifies a stay of the proceedings. *See Lee v. Stickman*, 357 F.3d 338, 344 (3rd Cir. 2004).

Further, Petitioner alleges that defense counsel was ineffective as cause for his failure to raise the unexhausted issues in the state courts. If he were to establish that counsel was ineffective, good cause would be shown. Additionally, at least some of Petitioner's unexhausted claims, such as those concerning the right of confrontation, prosecutorial misconduct, and ineffective assistance of counsel, concern matters of federal law, are not plainly meritless, and may warrant further

11

review.[2]  Lastly, Petitioner has attempted to pursue his claims in a prompt fashion and has not

engaged in dilatory tactics.  Accordingly, a stay of the proceedings, rather than a non-prejudicial

dismissal, is appropriate in this case.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner has failed to fully exhaust state

court remedies as to the claims presented in his federal habeas petition.  The Court further

concludes, however, that dismissal of the petition would deprive Petitioner of the opportunity to seek

federal habeas relief.

Accordingly,

The Court **DENIES** Respondent's motion to dismiss but **STAYS** the habeas proceedings

pending Petitioner's complete exhaustion of state court remedies as to his unexhausted claims.  The

stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days

of this order if he has not already done so.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

The stay is further conditioned on Petitioner's return to this Court with a motion to re-open this

matter, using the same caption and case number, within 30 days of exhausting state remedies.  *See*

*Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*,

254 F.3d 374, 381 (2nd Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case

may be subject to dismissal.  This case is **CLOSED for Administrative Purposes** pending

compliance with these conditions.  Should Petitioner wish to proceed only on the exhausted claims

and withdraw the unexhausted claims, he may move to re-open this case and proceed on the

_____

[2]The Court is mindful that Petitioner's Fourth Amendment issues may be barred by *Stone v.*
*Powell*, 428 U.S. 465, 494-95 (1976).

exhausted claims within 30 days of the filing date of this order.

Additionally, the Court **GRANTS** Petitioner's motion to file additional supporting documents, but **DENIES WITHOUT PREJUDICE** his motion for discovery pending further proceedings in this case.

Lastly, the Court also **DENIES** Petitioner's motions for immediate consideration as moot.

**IT IS SO ORDERED**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 16, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 16, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

13