UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG G. BROWN,

                  Petitioner,

v.                                            CASE NO. 05-CV-72440-DT
                                            HONORABLE LAWRENCE P. ZATKOFF

STATE OF MICHIGAN,

Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Craig G. Brown, ("Petitioner"), has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which he challenges his misdemeanor conviction for willful neglect

of duty, M.C.L.A. 750.478. Petitioner was on probation at the time he originally filed his habeas

application in 2005, but has since completed his sentence and been discharged from custody. For

the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I.  Background**

Petitioner's conviction arises from charges that he was distributing anabolic steroids in

Lapeer County, Michigan in 2003. This Court recites verbatim the relevant facts relied upon by the

Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Brown was an officer with both the Almont Police Department and the Brown City
> Police Department. While employed by Brown City, Brown became acquainted with
> Brown City Police Officer Albert Geoit. In late February 2003, the St. Clair County
> Sheriff's Department searched Geoit's home and two vials of testosterone enanthate
> were seized in addition to four tablets of methandrostenalone, both of which are
> anabolic steroids. Upon questioning, Geoit stated that he purchased the steroids from
> Brown.

1

Pursuant to a search warrant, a parcel addressed to Brown at his post office box was searched and was found to contain Fina-Flex 8, an anabolic steroid intended for use in cattle. A search of Brown's residence revealed syringes, medical packaging, glass vials with anabolic steroid residue, and the materials necessary for converting veterinary steroids into a substance for human use. A search of a computer Brown was known to use revealed that Brown had been ordering anabolic steroids over the Internet.

After a trial, the jury acquitted defendant of three counts of delivery of a controlled substance, but convicted him of willful neglect of duty.

*People v. Brown*, No. 254476, 2005 WL 782674, *1 (Mich. Ct. App. April 7, 2005)(footnote omitted).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 472 Mich. 922, 697 N.W.2d 151 (2005).

Petitioner filed his petition for writ of habeas corpus on June 20, 2005. Respondent filed a motion to dismiss, arguing that the petition should be dismissed because it contained claims that had not yet been exhausted with the state courts. In *lieu* of dismissing the petition for writ of habeas corpus, on May 16, 2006 this Court stayed the proceedings and administratively closed the case to permit petitioner to return to the state courts to exhaust these claims.

Petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Brown,* No. 03-007878-FH (Lapeer County Circuit Court, November 30, 2007). The Michigan appellate courts denied petitioner leave to appeal. *People v. Brown,* No. 282496 (Mich.Ct. App. June 4, 2008); *lv. den.* 482 Mich. 1063, 757 N.W. 2d 455 (2008).

On January 8, 2009, this Court granted petitioner's motion to reopen his habeas petition and permitted him to file an amended habeas petition, in which he seeks habeas relief on the following grounds:

2

I. Did the Prosecutor and the Cir. Ct. [sic] deny Brown due process when the Prosecutor failed to prove the essential elements of the crime willful neglect of duty beyond a reasonable doubt and the trial court did not instruct the jury of all elements of the charged crime?

II. Did the one-sided testimony of Jerry Mason at trial deny Brown's Sixth Amendment right to fully confront and cross-examine him?

III. Does *Garrity* apply only if a Prosecutor introduces at trial evidence seized in violation of the Fifth Amendment?

IV. Is suppression via exclusionary rule an appropriate remedy where a Fourth Amendment violation occurs because the affiant knowingly with reckless discharge of the truth tricked a magistrate by not presenting the judicial officer with all of the known pertinent facts?

V. Did federal Postal Inspector Winters exceed the scope of the federal search warrant by seizing Finaplix?

VI. Is suppression via the exclusionary rule and [sic] appropriate remedy where a Fourth Amendment violation occurs because the affiant intentionally, knowingly, and with reckless disregard of the truth placed false information in the affidavit that without negates the finding of probable cause?

VII. Is a search warrant without a warrant constitutional when the party giving permission has neither apparent nor actual authority and the police unreasonably rely on such consent they know does not cover the area they seek to search?

VIII. Did the Prosecutor's misconduct deny Brown's due-process right to a fair trial?

IX. Does trial counsel render ineffective assistance by not objecting to 21 false statements made by the Prosecutor? Does appellate counsel render ineffective assistance by bringing forth the Prosecutor misconduct claim on appeal without identifying 20 of the 21 statements of Prosecutorial misconduct?

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of

3

the claim–

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  The procedurally defaulted claims.**

Respondent contends that a number of petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

4

However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

Respondent first contends that two of petitioner's prosecutorial misconduct claims (Claim # VIII) that were raised on his direct appeal are procedurally defaulted because petitioner failed to object to the errors at trial and the Michigan Court of Appeals relied on this failure to object to petitioner's claims. *See Brown,* No. 254476, Slip. Op. at * 5.  Michigan law requires that a criminal defendant object to prosecutorial misconduct in order to preserve such a claim for appellate review. *See Mack v. Jones,* 540 F. Supp. 2d 840, 847 (E.D. Mich. 2008)(citing *People v. Buckey*, 424 Mich. 1, 378 N.W.2d 432, 440 (1985); *People v. Sharbnow*, 174 Mich. App. 94, 435 N.W.2d 772, 775 (1989)).   The Michigan Court of Appeals' reliance on petitioner's failure to object to the prosecutor's conduct is an adequate and independent state ground for foreclosing review. *See Engle v. Isaac*, 456 U.S. 107, 110 (1982).  The fact that the Michigan Court of Appeals engaged in plain error review of the prosecutorial-misconduct claim does not constitute a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).  Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). This portion of petitioner's prosecutorial misconduct claim is procedurally defaulted.

Respondent next contends that all of the claims that petitioner presented to the state courts for the first time on his post-conviction motion for relief from judgment are procedurally defaulted because petitioner failed to show cause and prejudice for failing to raise these claims in his appeal

5

of right, as required by M.C.R. 6.508(D)(3). The claims that petitioner raised in his motion for relief from judgment are his second, third, fourth, seventh, and ninth claims. Petitioner also raised in his post-conviction motion for relief from judgment the portion of his first claim involving the prosecution's failure to establish beyond a reasonable doubt the elements of willful neglect of duty as well as several additional prosecutorial misconduct claims that are contained within his eighth claim.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Lapeer County Circuit Court judge, in rejecting petitioner's motion for relief from judgment, concluded that:

> Consequently, because defendant has not shown good cause for failing to raise his issues on appeal, this Court cannot grant his motion for relief from judgment.

6

M.C.R. 6.508(D)(3).  Therefore, the Court is denying Defendant's claim for relief from judgment on all grounds cited by the Defendant.

*People v. Brown,* No. 03-7878-FH, Slip. Op. at * 8.

Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).  The fact that the trial court may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999).  A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *See McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991).

Petitioner argues that his insufficiency of evidence claim is not procedurally defaulted because it involves a jurisdictional defect.  The "good cause" and "actual prejudice" prerequisites of M.C.R. 6.508(D)(3) need not be satisfied where a defendant properly alleges a jurisdictional defect in a prior proceeding which resulted in a conviction and sentence. *See People v. Carpentier,* 446 Mich. 19, 27; 521 N.W. 2d 195 (1994).  However, petitioner has provided no case law to support the proposition that a sufficiency of evidence claim would be exempted from the requirements of M.C.R. 6.508(D)(3) because it amounts to a jurisdictional defect.  The cause and prejudice requirements of M.C.R. 6.508(D)(3), in fact, have repeatedly been invoked by state and federal courts to procedurally bar a sufficiency of evidence claim that was been raised for the first time by a defendant on his post-conviction motion for relief from judgment. *See Cooper v. Warren,*

7

No. 2010 WL 931858, 11-12 and n. 4 (E.D. Mich. March 11, 2010); *People v. Abdoush*, No. 2005 WL 2679685, * 2-5 (Mich. Ct. App. October 20, 2005); *Smith v. McLemore*, No. 2003 WL 22902350, * 3-4 (E.D. Mich. October 30, 2003); *People v. Gathing*, No. 2003 WL 21079825, * 3-5 (Mich. Ct. App. May 13, 2003). Petitioner's argument is without merit.

Petitioner next argues that his second, third, fourth, and seventh claims are not procedurally defaulted because he raised these claims on his direct appeal in a companion case out of Oakland County Circuit Court, in which he was convicted of several felony charges involving the delivery of steroids. *See People v. Brown,* 279 Mich. App. 116; 755 N. W. 2d 664 (2008); *lv. den.* 485 Mich. 1073; 777 N.W. 2d 147 (2010); *cert den. sub nom Brown v. Michigan,* 131 S. Ct. 77 (2010). [1]

Petitioner's argument is without merit. The mere fact that petitioner raised similar claims in the state courts involving a separate criminal conviction out of Oakland County that is not at issue in the habeas application before this Court is insufficient to exhaust these claims for purposes of challenging his Lapeer County conviction. *See Turley v. Estep*, 375 Fed.Appx. 867, 868, n. 2 (10th Cir. 2010).

This Court concludes that the claims that petitioner raised for the first time on his post-conviction motion for relief from judgment are procedurally defaulted. [2]

Respondent lastly contends that the portion of petitioner's first claim involving the trial judge's failure to instruct on all of the elements of willful neglect of duty is procedurally defaulted

---

[1] Petitioner also argues that his fifth and sixth claims are not procedurally defaulted for the same reason. However, because these claims were raised on his direct appeal from his Lapeer County Circuit Court conviction, these claims are not defaulted.

[2] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F. 3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

8

because petitioner never presented this claim to the state courts on either direct or post-conviction review and no longer has any state remedies with which to exhaust his claim.

Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed.Appx. 781, 783 (6th Cir. 2007). Petitioner has no remaining state court remedies with which to exhaust his jury instruction claim. If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *See Hannah v. Conley*, 49 F. 3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3. Because petitioner never presented his jury instruction claim to the state courts and no longer has an available state court remedy to do so, this claim is procedurally defaulted.

With respect to his prosecutorial misconduct claims that were raised on his direct appeal, petitioner contends that trial counsel was ineffective for failing to object to the prosecutorial misconduct. Ineffective assistance of counsel may be cause for procedural default. *Murray v. Carrier*, 477 U.S. at 488. However, an ineffective assistance of counsel claim that is asserted as cause to excuse another procedurally defaulted claim can itself be procedurally defaulted, and unless a habeas petitioner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. *See Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000). As will be

9

discussed *infra*, petitioner's ineffective assistance of trial counsel claim is procedurally defaulted because he raised the claim for the first time in his post-conviction motion for relief from judgment and has failed to show cause and prejudice for failing to raise the claim on his appeal of right. Because this claim is itself defaulted, the ineffective assistance of trial counsel claim cannot be used by petitioner to establish cause to excuse the procedural default of the prosecutorial misconduct claims that were raised on his direct appeal. *See Coleman v. Mitchell,* 268 F. 3d 417, 432 (6th Cir. 2001).

With respect to the claims that were raised by petitioner the first time in his post-conviction motion, petitioner alleges that appellate counsel was ineffective for failing to raise these claims on his appeal of right.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

> *Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*]

10

claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appellate counsel filed a thirty four page appeal brief which raised four claims for relief. [3] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Lapeer County Circuit Court in rejecting petitioner's post-conviction claims, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Additionally, because these post-conviction claims lack merit, this Court must reject any

---

[3] *See* This Court's Dkt. # 21-1.

11

independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010); *cert. den.* 131 S. Ct. 1013 (2011)(internal quotation omitted).

With respect to the jury instruction claim, petitioner has offered no reasons for his failure to present this claim to the state courts on either his direct appeal or his post-conviction motion.

Because petitioner has not demonstrated any cause for his various procedural defaults, it is unnecessary to reach the prejudice issue regarding his procedurally defaulted claims. *Smith*, 477 U.S. at 533. [4]

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.,* at 324. Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review

_____

[4] Assuming that petitioner had established cause for his defaults, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's prosecutorial misconduct claim on his direct appeal and by the Lapeer County Circuit Court in rejecting the claims that petitioner raised on post-conviction review, petitioner has failed to show that his claims have any merit. The reasons justifying the denial of these claims were "ably articulated by" state courts on direct and post-conviction review, therefore, "the issuance of a full written opinion" by this Court regarding the merits of these claims "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6th Cir. 2009).

petitioner's procedurally defaulted claims on the merits. *See Mack,* 540 F. Supp. 2d at 847. Petitioner is not entitled to relief on his second, third, fourth, seventh, eighth, and ninth claims, nor the procedurally defaulted portion of his first claim.

**B.  Claim # 1.  The inconsistent verdict claim.**

In the preserved portion of his first claim, petitioner contends that the jury's verdict was inconsistent because he was found guilty of wilfully neglecting a duty, even though he was acquitted of three counts of delivering a controlled substance.

Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981); *See also Mapes v. Coyle*, 171 F. 3d 408, 419-20 (6th Cir. 1999). The possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984).  The fact that an inconsistent verdict might be the result of lenity on the part of the factfinder, coupled with the fact that the prosecutor is unable to obtain appellate review of a conviction, "suggests that inconsistent verdicts should not be reviewable." *Id.*  Petitioner is not entitled to habeas relief on his first claim.

**C.  Claims # 5 and # 6.  The Fourth Amendment claims.**

In his fifth and sixth claims, petitioner contends that the evidence that was seized in this case should have been suppressed because it was obtained in violation of his Fourth Amendment rights.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952

13

(6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grounds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009).

Petitioner is unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal search when he raised the factual basis for this claim in the state trial and appellate courts and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Machacek*, 213 F. 3d at 952. Because petitioner was afforded opportunities to present his case regarding the validity of the search, *Stone* bars his Fourth Amendment claim. *Brown,* 638 F. Supp. 2d at 813.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*,

14

529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because jurists of reason would not find this Court's resolution of his claims to be debatable. *See Strayhorn v. Booker,* 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010).

### IV. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DENIED.**

The Court further **DENIES** a certificate of appealability.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2011

15

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 28, 2011.


S/Marie E. Verlinde                                    
Case Manager
(810) 984-3290